

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 11, 2023**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| **REAGOR-DYKES MOTORS, LP,** *et al.*[1] | § Case No. 18-50214-rlj-11 |
| | § Jointly Administered |
| Debtor. | § |

### ORDER GRANTING MOTION FOR ENTRY OF FINAL DECREE
### CLOSING CERTAIN OF THE BANKRUPTCY CASES

This matter having come before this Court on the *Motion for Entry of Final Decree Closing Certain of the Bankruptcy Cases* (the "**Motion**")[2] filed by Dennis Faulkner, in his capacity as Trustee of the Reagor-Dykes Auto Group Creditors Liquidating Trust (the "**Trustee**" and "**Trust**," respectively), successor in interest to Reagor-Dykes Motors, LP, *et al.* as debtors and debtors-in-

---

[1] The Debtors are Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), Reagor-Dykes III LLC (Case No. 18-50322), Reagor-Dykes II LLC (Case No. 18-50323), Reagor Auto Mall Ltd (Case No. 18-50324) and Reagor Auto Mall I LLC (Case No. 18-50325).

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

**PAGE 1**

possession (the "**Debtors**") in the above captioned jointly administered bankruptcy cases ("**Bankruptcy Cases**").

Upon consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that there exists just cause for the relief granted herein; and any responses to the Motion having been withdrawn, resolved, or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED** that

1. The Motion is **GRANTED**.

2. The following Bankruptcy Cases are hereby closed (collectively, the "**Closed Cases**"), effective as of the date of this order:

    a. Reagor-Dykes Imports, LP, Case No. 18-50215-rlj11;

    b. Reagor-Dykes Amarillo, LP, Case No. 18-50216-rlj11;

    c. Reagor Dykes Auto Company, LP, Case No. 18-50217-rlj11;

    d. Reagor-Dykes Plainview, LP, Case No. 18-50218-rjl11;

    e. Reagor-Dykes Floydada, LP, Case No. 18-50219-rlj11;

    f. Reagor-Dykes II LLC, CaseNo.18-50323-rlj11;

    g. Reagor-Dykes III LLC, CaseNo.18-50322-rlj11;

    h. Reagor Auto Mall LP, CaseNo.18-50324-rlj11;

    i. Reagor Auto Mall I LLC, CaseNo.18-50325-rlj11; and

    j. Reagor-Dykes Snyder, LP, CaseNo.18-50321-rlj11.

3. The Clerk of the Court shall enter this Order on the dockets of each of the Closed Cases, and such dockets shall be marked as closed.

4. The Bankruptcy Case of Reagor-Dykes Motors, LP, Case No. 18-50214-rlj-11 (the "**Remaining Case**") shall remain open pending entry of a final decree by this Court closing the Remaining Case, and, from and after the date of entry of this Order, all motions, notices, and other pleadings relating to any of the Bankruptcy Cases shall be filed in the Remaining Case.

5. Entry of this Order is without prejudice to the right of the Trustee or any party-in-interest to seek to reopen any of the Bankruptcy Cases, including the Closed Closes, for cause pursuant to section 350(b) of the Bankruptcy Code.

6. This Court shall retain jurisdiction over the Bankruptcy Cases as provided in the Plan and Confirmation Order.

7. The Trustee and his agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. Notwithstanding anything to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

### ###END OF ORDER###

**PREPARED AND SUBMITTED BY:**

*/s/ Stephen A. Jones*
Stephen A. Jones (TX 24101270)
Beau Gould (TX 24116445)
**Foley & Lardner LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

-and-

John P. Melko (TX 13919600)
**FOLEY & LARDNER LLP**
1000 Louisiana Street, Suite 2000
Houston, TX 77001
Telephone: (713) 276.5500
Facsimile: (713) 276.5555

**COUNSEL TO THE REAGOR-DYKES
AUTO GROUP CREDITORS LIQUIDATING TRUST,
SUCCESSOR IN INTEREST TO DEBTORS
REAGOR-DYKES MOTORS, LP,** *et al.*